```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MATTHEW SINCLAIR,

                    Plaintiff,

vs.                                    Case No.  2:11-cv-320-FtM-29SPC

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.
_____

## OPINION AND ORDER

    This matter comes before the Court on plaintiff's Motion for Remand (Doc. #7) filed on June 13, 2011.  Defendant filed a Response (Doc. #12) on June 23, 2011.  Plaintiff argues that defendant has failed to establish that the amount in controversy exceeds $75,000.00, for purposes of removal.  The Court agrees.

    As a preliminary matter, plaintiff argues that defendant waived its right to removal by appearing and defending in state court.  This argument is rejected.  Defendant's filing of an answer and response to a request for admissions prior to removal does not qualify as "active participation" and there was no "litigating on the merits" prior to removal.  Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004).  The Court finds that defendant did not waive the right of removal.

    Removal jurisdiction exists only where the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th

Cir. 2000).  Title 28, United States Code, Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).   As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).   Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  Id. at 1062.

The Notice of Removal (Doc. #1) provides that plaintiff is a citizen of the State of Florida and defendant is a corporation organized under the laws of the State of Illinois with a principal place of business in Bloomington, Illinois.  The diversity in citizenship of the parties is undisputed.  As to the amount in controversy, the Complaint (Doc. #2) only alleges damages exceeding $15,000.00, however defendant argues that the allegations reflect that the "case likely involves serious injuries."  (Doc. #1, ¶ 8.)

Defendant does not indicate what the actual injuries were and the Complaint is also non-specific. In the Complaint, plaintiff alleges that "Plaintiff suffered bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (Doc. #2, ¶ 7.)

Defendant submits an unsigned Damages Stipulation (Doc. #1-3) that the amount of damages will not exceed $75,000 for the inference that plaintiff's failure to sign the document is evidence that the amount in controversy exceeds $75,000. The failure to stipulate, without something more, is insufficient to meet defendant's burden. Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481-82 (11th Cir. 2005).

Defendant also attaches the Affidavit (Doc. #1-2) of Raina Ferro-Johnsen, a licensed adjuster for State Farm Mutual Automobile Insurance Company, which provides that plaintiff was covered under two separate policies at the time of the accident and that both policies had uninsured motorist limits of $100,000. Defendant relies heavily on plaintiff's allegations of entitlement to stacking of insurance policies, and therefore concludes that

plaintiff is seeking at least $100,00.00 on the face of the Complaint. Although plaintiff alleges that he is entitled to uninsured/underinsured motorist coverage, the Complaint does not state that plaintiff is seeking the entire amount of the policy, and plaintiff is not seeking to cancel the policy. Therefore, the amount in controversy is not the face value of the policy, only those damages actually incurred at the time of filing or removal are relevant. Travelers Ins. Co. v. Greenfield, 154 F.2d 950, 952 (5th Cir. 1946)[1](the value of the right to be protected was not at issue, only the amount recoverable at time of filing suit); Duderwicz v. Sweetwater Sav. Ass'n, 595 F.2d 1008, 1014 (5th Cir. 1979)(where cancellation of insurance policy sought, the value of the controversy is the face value of the policy); Bankers Life & Cas. Co. v. Namie, 341 F.2d 187 (5th Cir. 1965)(plaintiff placed whole insurance contract at issue and therefore the maximum liability under the policy).

Plaintiff states, to date, he has only incurred $20,000.00 in medical bills, and that the face of the Complaint does not otherwise support an adequate amount in controversy. The fact that defendant has taken the adversarial position of denying "any sums are due" (Doc. #1-11, ¶ 11) has no bearing on the amount in

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

controversy.  The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010)("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later.")(collecting cases).  The Court finds that defendant has failed to meet its burden of showing that the amount in controversy exceeded $75,000 at the time of removal.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Remand (Doc. #7) is **GRANTED** as to the remand and **DENIED** as to the request for attorney's fees and costs. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.  The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of July, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record